RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3 /12 / 09
         JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAIMIE McCANN | DOCKET NO: 11-CV-1663; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. §1983) of Plaintiff Jaimie McCann, filed pro se and *in forma pauperis*. According to his last address notification, it appears that Plaintiff is incarcerated at Rapides Parish Detention Center I. He names as defendants: State of Louisiana, Attorney Shelby Bohannon, "Public Defender's Office", Rapides Parish District Attorney's Office, "Jail DC I", Rapides Parish Detention Center 3, and Division B 9th Judicial District Court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### *Plaintiff's Allegations*

Plaintiff submitted a complaint, mostly single-spaced and hand-written, totaling over one hundred and eighty pages. [Doc. #1] He complains about harassment, "false charges", beatings, "medical abuse", "false statements", and threats of arrest by the defendants since 1995. It is unclear exactly what relief he is seeking. Regardless, his claims are frivolous.

**Law and Analysis**

**1.   State of Louisiana**

Plaintiff has sued the State of Louisiana. Sovereign immunity is a fundamental aspect of the sovereignty that the states enjoyed before the ratification of the Constitution and the Eleventh Amendment, and it was preserved intact by the Constitution. See Alden v. Maine, 527 U.S. 706, 713 (1999). Although a state may waive its Eleventh Amendment sovereign immunity, the State of Louisiana has not done so. See Edelman v. Jordan, 415 U.S. 651, 673 (1974)(holding that a state's consent to suit against it in federal court must be expressed "unequivocally"). Thus, Plaintiff's claims against the state of Louisiana are clearly subject to dismissal.

**2.   Attorney Shelby E. Bohannon**

Plaintiff names Shelby Bohannon, his former public defender, as a defendant in this case. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.

The complaint is devoid of any allegation which indicates that the defendant was acting under the color of state law. Defendant Blanchard is an Assistant Federal Public Defender. It is well

established that court-appointed attorneys in criminal proceedings are not official state actors and generally are not subject to suit under §1983. See Georgia v. McCollum, 505 U.S. 42 (1992); Polk County v. Dodson, 454 U.S. 312 (1981); Marts v. Hines, 68 F.3d 134, 135 (5th Cir. 1995); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988). As a Federal Public Defender, Mr. Bohannon is also immune from suit.

3. **Rapides Parish District Attorney's Office & Public Defender's Office**

Plaintiff names as defendants the Rapides Parish District Attorney's Office and Public Defender's Office. Section 1983 claims may be asserted only against "persons". The Parish District Attorney's Office and Public Defender's Office are not entities that can be sued under Louisiana law, nor are they persons capable of being sued under 42 U.S.C. §1983. See Burge v. Parish of St. Tammany, No. 91-2321, 1997 WL 10243, at *8 (E.D.La. Jan.8, 1997), aff'd in part, 187 F.3d 452 (5th Cir. 1999).

4. **Rapides Parish Detention Centers I and III**

Plaintiff names "Jail DC I" and Rapides Parish Detention Center 3 as defendants. Fed.R.Civ.P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether "DC I" or "DC III" are entities with the capacity to sue or be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This

term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. A parish prison facility is not a juridical person capable of being sued. A jail is "not an entity, but a building." See Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D.La. 1998).

The Rapides Parish Detention Centers are operated by the Rapides Sheriff's office. Under Louisiana law, Parish Sheriff's Offices are not legal entities capable of suing or being sued. See Valentine v. Bonneville Ins. Co., 96-1382, pp. 4-5 (La.3/17/97), 691 So.2d 665, 668; Slocum v. Litchfield, 07-0006, p. 3 (La.App. 1 Cir. 6/8/07), 964 So.2d 1006, 1007, *writ denied*, 07-1412 (La.10/5/07), 964 So.2d 943; Jenkins v. Larpenter, 04-0318, p. 2 n.1 (La.App. 1 Cir. 3/24/05), 906 So.2d 656, 657 n. 1, *writ denied*, 05-1078 (La.6/17/05), 904 So.2d 711. Thus, neither DC I, DC III, nor the Rapides Parish Sheriff's Office are juridical persons capable of being sued.

### 4.  9th Judicial District Court

Plaintiff also names Division B of the 9th Judicial District Court as a defendant. Like jails, offices, and departments, *supra*, the "Ninth Judicial District Court, Division B" is not a juridical person or entity capable of being sued. Moity v. Louisiana State Bar Association, 414 F.Supp. 180, 182 (E.D.La. 1976) ("state courts are not considered 'persons' within the meaning of § 1983"), *aff'd*,

537 F.2d 1141 (5th Cir. 1976).

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 9th day of March, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE